<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PATRICK M. O'DONNELL, and BRIAN FIDANZATO,<br><br>Plaintiffs,<br><br>v.<br><br>AC NIGHTLIFE, LLC et al,<br><br>Defendants. | Civil Action No. 12-6593 (PGS)<br><br><u>**MEMORANDUM AND ORDER**</u> |

This action comes before the Court on two motions. First, a motion to remand the matter to the Superior Court of New Jersey, Law Division, Somerset County pursuant to 28 U.S.C. § 1446(b) by the Plaintiffs, Patrick M. O'Donnell and Brian Fidanzato. Second, a motion to dismiss by Defendants, AC Nightlife, LLC (DBA Dusk), Red Stripe Planes Group, LP, James Wankmiller, Gary Veloric, Eric Millstein, Kevin Friel, Craig Slotkin, Justin Lotter, Kevin Scanlon, Chelsea Fleming, Brooke Ashcroft, Ashley Costello, Amanda Grill, Kelly Schweir, Sarrah Louise Dilenno, Ashley Knight, Liana Williams and John Does 1-10, pursuant to Fed. Civ. Pro. 12(b)(6). Plaintiffs also seek reimbursement for costs, including attorney's fees. (ECF No. 6). For the reasons stated below, Plaintiffs' motion to remand is granted, and the request for reimbursement of filing costs and attorney's fees is denied. Accordingly, Defendants' motion to dismiss is denied as moot.

I. **BACKGROUND**

From June 2009 to December 2011, Plaintiff Patrick O'Donnell was employed full-time as a "tipped Euro" at Dusk Nightclub in Atlantic City, New Jersey operated and managed by Defendants AC Nightlife, LLC and Red Stripe Plane Group, LP. Plaintiff Brian Fidanzato was also hired by Defendants around the same time as a "busser", and was later promoted to "tipped Euro". During their employment at Dusk nightclub as "tipped Euros", Plaintiffs allege that the position of "tipped Euro" was entitled to a nightly percentage of the tip pool to be comprised of 20 percent gratuity of all bottle sales plus 25 percent of the side tips received nightly by the bottle servers. Plaintiffs further allege that despite reasonable requests, Defendants intentionally failed to give Plaintiffs their proper percentage of the nightly tip pool. On December 16, 2011, Plaintiff Patrick O'Donnell was terminated from his employment with Dusk Nightclub via an e-mail sent to him by Defendant Eric Millstein with a carbon copy to Defendant James Wankmiller. Plaintiff Brian Fidanzato claims Dusk Nightclub constructively terminated him in 2012 when the position of tipped Euro was done away with and subsumed under the umbrella title of "busser".

On March 22, 2012, Plaintiffs filed their initial Complaint in the Superior Court of New Jersey, Somerset County, Docket No: L-SOM-398-12, alleging that Defendants committed various wage and hour violations, breach of contract and fraud during their employment as "tipped Euros". On June 12, 2012, Defendants filed a Motion to Dismiss the Complaint. On June 19, 2012, Plaintiffs filed an Amended Complaint. Plaintiffs later revised the pleading and filed a Second Amended Complaint on July 17, 2012, to which Defendants filed an Answer on August 23, 2012.

2

On October 18, 2012, Defendants filed a notice of removal to this Court, alleging that Plaintiffs' claims are subject to the Labor Management Relations Act (LMRA). Soon after, on November 7, 2012, Plaintiffs filed a Motion to Remand, alleging lack of subject matter jurisdiction and untimely notice of removal pursuant to 28 U.S.C. § 1446(b). Defendants maintain that the notice of removal was timely, because the federal claim became "ascertainable" only when Defendants received Plaintiffs' initial document production on October 18, 2012.

## II. DISCUSSION

### A. Legal Standard

The issue is whether the Court should remand the matter to the Superior Court of New Jersey. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States…" 28 U.S.C. § 1441(a); *see also Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). That is, a defendant can remove an action to federal court pursuant to § 1441(a) if the plaintiff could have filed it here in the first instance. After removal, a party can move to remand the action back to state court. 28 U.S.C. § 1447(c). The removing party bears the burden of establishing the court's jurisdiction. *Samuel-Bassett v. KIA Motors America, Inc.*, 357 F.3d 392, 396 (3d Cir. 2004).

The removing party must also file notice of removal within 30 days of receipt of the complaint of "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). If the notice was not filed within the stated time parameters, the matter must be remanded back to the court from which it was removed. *Id*.

3

As far as reimbursement for attorney fees and costs, "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal". 28 U.S.C. § 1447(c). The matter is left to the court's discretion, to be exercised based on the nature of the removal and the nature of the remand. *Id.* This Court may require the payment of fees and costs to the non-moving party even though the party removing the case did not act in bad faith. *Mints v. Educ. Testing Serv.*, 99 F.3d 1253, 1260 (3d Cir. 1996). Rather, a district court has broad discretion and may be flexible in determining whether to require the payment of fees under section 1447(c). *Id.*

  B. Analysis

In determining whether the party has filed notice of removal within the 30 days, the plain language of the statute is controlling. Defendants argue that Plaintiffs' claims should have been brought under, and are completely preempted by the Labor-Management Relations Act (LMRA) because they require interpretation of the collective bargaining agreement (CBA). Defendants had notice that Plaintiffs were members of a union with a CBA as of July 17, 2012 when Plaintiffs filed the Second Amended Complaint. Plaintiffs allege in the complaint that Plaintiff Patrick O'Donnell's termination,

> was the direct result of, in retaliation for and subsequent to: plaintiff's complaints to management and bottle server defendants as well as to Union local 54 about not receiving the proper amount of the nightly tip pools which plaintiff reasonably believed to have been the result of fraud; complaints to management defendants and local 54 pertaining to violations of the CBA in terms of being forced to perform cleaning duties specifically prohibited by the CBA . . . (Complaint, Count Seven, ¶ 3).

Moreover, in that same count, the collective bargaining agreement is mentioned about six times; ERISA is mentioned once, and the U.S. Department of Labor is also referred to. All of these references would have alerted a reasonably diligent practitioner to the fact that federal questions had arisen. As such, the Defendants had notice of the existence of the CBA on July 17, 2012. Therefore, by filing a notice for removal on October 18, 2012, the Defendants have not met the 30-day requirement specified in the statute. In light of these considerations, remand to state court is appropriate.

Additionally, Plaintiff has asked for reimbursement of remand costs and attorney fees. The Defendants' removal was proper based on the federal claim, however the claim was or should have been apparent to Defendants as of July 17, 2012, the date of the Second Amended Complaint. It is unclear whether Defendants removed the case in bad faith. Nevertheless, a showing of bad faith is not required in deciding to reimburse a plaintiff for attorney fees and costs. *Mints*, 99 F.3d at 1260. This court has broad discretion in this matter. *Id.* This court should decline to award attorney's fees and costs since it appears that removal was arguably proper, albeit untimely.

On the issue of Defendants' motion to dismiss, because this Court should decline to exercise jurisdiction and remand the matter to State Court, Defendants' motion should be denied as moot.

ORDER

IT IS on this 7th day of January, 2013

ORDERED that the motion to remand (ECF No. 6) is granted; and it is further

ORDERED that Plaintiff's motion for costs and legal fees (ECF No. 6) is denied; and it is further

ORDERED that Defendants motion to dismiss for failure to state a claim (ECF No. 10) is denied as moot.

*s/Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.